Chief Justice Quiñones and Justices Figueras, Sulzbacher and MacLeary concurred.

---

THE SAN JUAN LIGHT AND TRANSIT CO. *v.* SEGURA.

REMEDY of complaint against a decision of the District Court of San Juan.

No. 9.—Decided March 30, 1904.

APPEAL—UNLAWFUL DETAINER.—Appeals should not be allowed in actions of unlawful detainer when the defendant does not previously show that he has paid the rental due under the lease.

STATEMENT OF THE CASE.

In the action of unlawful detainer instituted in the District Court of San Juan by the San Juan Light and Transit Company against Francisco Segura, said court rendered

aquel Tribunal dictó sentencia declarando con lugar el desahucio, por los motives alegados como fundamentos de la demanda, ó sean la falta de pago de los arrendamientos convenidos, y el vencimiento del término del contrato.

*Resultando*: que contra esta sentencia interpuso Don Francisco Segura recurso de apelación que le fué denegado por auto de Diciembre del año próximo pasado, en atención á no haber acreditado que había satisfecho las rentas vencidas del arrendamiento, citándose en apoyo de tal denegatoria los Artículos 1564 y 1581 de la Ley de Enjuiciamiento Civil.

*Resultando*: que del expresado auto pidió reposición Don Francisco Segura, que le fué denegada por auto de 29 de Diciembre citado.

*Resultando*: que Don Francisco Segura ha acudido en queja ante esta Corte Suprema por habérsele denegado el recurso de apelación interpuesto, y señalado día para la vista, tuvo ésta lugar, con la asistencia del Letrado representante de Don Francisco Segura, sin que asistiera al acto la representación de "The San Juan Light and Transit Co".

Abogado del recurrente: *Sr. Bosch.*

El Juez Asociado Sr. Sulzbacher, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando*: que ante el precepto terminante del Artículo 1564 de la Ley de Enjuiciamiento Civil, no derogado por la Ley de la Asamblea Legislativa de 12 de Marzo del año próximo pasado, transformando el Tribunal Supremo, de casación, en Corte Suprema de Apelación, el Tribunal de Distrito de San Juan ha procedido con arreglo á derecho al denegar el recurso de apelación interpuesto por Don Francisco Segura, contra la sentencia de desahucio pronunciada.

Se declara no haber lugar al presente recurso de queja, con las costas á Don Francisco Segura; y comuníquese esta resolución al Tribunal de Distrito de San Juan para los efectos procedentes.

judgment sustaining the action of unlawful detainer for the reasons set out as grounds of the complaint, namely, default in payment of the rental and expiration of the term of the contract.

From said judgment Francisco Segura took an appeal, which was disallowed in an order dated December of last year, in view of the fact that he had not proved that he had paid the rent due under the lease, articles 1564 and 1581 of the Code of Civil Procedure being cited in support of this decision.

Thereupon Francisco Segura moved for a rehearing, which motion was overruled by an order of the 29th of said month of December.

Francisco Segura having then resorted to the remedy of complaint to this Supreme Court, based upon the refusal to allow the appeal taken by him, a day was set for the hearing, at which counsel for Francisco Segura was present, the representative of the San Juan Light and Transit Company failing to appear.

*Mr. Bosch,* for appellant.

MR. JUSTICE SULZBACHER, after making the above statement of facts, delivered the opinion of the court.

In view of the definite provision of article 1564 of the Law of Civil Procedure, which was not repealed by the act of the Legislative Assembly of March 12 of last year, establishing the Supreme Court of Porto Rico as a court of appeals, the District Court of San Juan has acted in accordance with the law in refusing to allow the appeal taken by Francisco Segura from the judgment of eviction rendered.

The present remedy of complaint is declared not to lie, with costs against Francisco Segura. This decision is ordered to be communicated to the District Court of San Juan, that due effect may be given thereto.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Figueras y MacLeary.

---

## LOAIZA v. CABALLERO.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 59.—Resuelto en Abril 4, 1904.

ACCIÓN—PRUEBAS.—La prueba de las acciones incumbe al que las ejercita.

DIVORCIO—ALLANAMIENTO DE LA ESPOSA Á LA DEMANDA—ABANDONO—CONSENTIMIENTO MUTUO.—El allanamiento de la esposa á una demanda de divorcio, manifestando categóricamente que hace más de tres años abandonó el hogar conyugal, sin que durante ese tiempo haya dirigido ni siquiera la palabra á su esposo, á causa de disgustos y celos que siempre existían entre ellos, integradas esas manifestaciones por las declaraciones de dos testigos, no deben interpretarse en el sentido de existir consentimiento reciproco y mútuo de las partes para el divorcio sino en el de constituir todos esos actos, realizados conscientemente y sostenidos con tenaz voluntad, el abandono que, como causa de divorcio, establece el Artículo 164 del Código Civil.

COSTAS.—El allanamiento del demandado, su confesión en juicio y su incomparecencia ante el Tribunal de apelación, son hechos que justifican la imposición de costas conforme á equidad.

### EXPOSICIÓN DEL CASO.

*Vistos* estos autos promovidos en la Corte de este Distrito, entre partes de una, como demandante, Don Francisco Loaiza González, casado, mayor de edad y vecino de Río Piedras, dirigido y representado en esta Superioridad por el abogado Don Sandalio Torres Monge, y de la otra el Fiscal y Doña Mauricia Rosario Caballero, que no ha comparecido, y por tal razón, se ha seguido la sustanciación del recurso en los Estrados; sobre divorcio; autos pendientes ante *nos* en virtud de recurso de apelación interpuesto por Loaiza contra la sentencia pronunciada, que copiada á la letra dice así:

"*Sentencia.*—En la ciudad de San Juan de Puerto Rico á diez y nueve de Mayo de mil novecientos tres. *Visto* en juicio oral y pú-

Chief Justice Quiñones, and Justices Hernández, Figueras and MacLeary concurred.